UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDRE WINSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17-4159 |
| | ) | |
| MS. MCCOY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER REOPENING CASE**

In its Merit Review Opinion (#21), the Court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Plaintiff appealed and the Seventh Circuit remanded the case for further proceedings on plaintiff's claim that "defendants denied him constitutionally adequate care for his mental health when they denied his requests for a single-occupancy cell." *Winston v. Scott*, 718 F. App'x 438, 439 (7th Cir. 2018). The Seventh Circuit held that the Court properly dismissed plaintiff's due process claim. *Id.*

The allegations in plaintiff's complaint related to his claim that Rushville officials failed to provide adequate mental health treatment are found in "Cause of Action 3" and plaintiff's names therein defendants Sheldon, Dobier, Moody, Houzenga, and

"current rooming committee" as the parties responsible for the alleged denial of his constitutional rights. *See* (#1-1) at 5-10. Therefore, this case shall proceed against these defendants only.

IT IS THEREFORE ORDERED:

1. Pursuant to the Mandate issued by the Seventh Circuit Court of Appeals, the clerk is directed to reopen this case.

2. This case shall proceed on plaintiff's Fourteenth Amendment claim that defendants Sheldon, Dobier, Moody, Houzenga, and the unidentified members of the rooming committee failed to provide constitutionally adequate mental health treatment. The Court will convert "rooming committee staff" to a John Doe defendant. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied

as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

4. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an

answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an

appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

9. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12. The clerk is directed to terminate Ms. McCoy, Caraway, Hankins, Gregg Scott, and Jumper as defendants.

13. The clerk is directed to modify the docket as follows: defendant Rooming Committee Staff should be "John Doe."

14. The clerk is directed to attempt service on defendants Dobier, Sheldon, Houzenga, and Moody pursuant to the standard procedures.

Entered this 29th day of May, 2018.

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE